THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 15 |
|  | ) |
| RIVIERA MARINE (INT.) PTY LIMITED | ) Case No. 10-21722 - CED |
| (receivers and managers appointed), *et al*,[1] | ) |
|  | ) |
| Debtors in a Foreign Proceeding | ) Jointly Administered |
|  | ) |

ORDER PURSUANT TO SECTIONS 1504, 1515, 1517, 1520,
AND 1521 OF THE BANKRUPTCY CODE RECOGNIZING THE
FOREIGN REPRESENTATIVE, FOREIGN MAIN PROCEEDING,
AND ENFORCING THE DOCA AND CREDITORS' TRUST DEED

Upon the *Petition for Recognition and Chapter 15 Relief* (the "Petition")[1] seeking: (a) recognition by this Court of the Foreign Representative as the Chapter 15 Debtors' "foreign representative" as defined in section 101(24) of the Bankruptcy Code; (b) recognition of the Australian Proceeding as a "foreign main proceeding" pursuant to sections 1515, 1517, and 1520 of the Bankruptcy Code; and (c) recognition of the DOCA, as effectuated, and the Creditors' Trust Deed (as defined below) pursuant to section 1521; this Court having jurisdiction to consider the Petition and the relief

---

[1] The Chapter 15 Debtors are: Riviera Marine (Int.) Pty Limited (receivers and managers appointed) (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); Riviera Coomera Pty Limited (receivers and managers appointed) (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); Riviera Marine (MFG) Pty Limited (receivers and managers appointed) (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); Riviera Runaway Bay Pty Limited (receivers and managers appointed) (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number); and R Marine Pittwater Pty Limited (receivers and managers appointed) (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number). The location of the Chapter 15 Debtors' corporate headquarters and the service address for all of the Chapter 15 Debtors is: 50 Waterway Drive, Coomera, Queensland, Australia, 4209.

[1] Unless otherwise defined in this order (this "Order"), all capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Petition.

requested therein pursuant to 28 U.S.C. § § 157 and 1334, and sections 109 and 1501 of the Bankruptcy Code; consideration of the Petition and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410; appropriate, sufficient, and timely notice of the filing of the Petition having been given by Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q); it appearing that the relief requested in the Petition is necessary and beneficial to the Chapter 15 Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and upon after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows: [2]

a) The Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

b) The Australian Proceeding is pending in Australia, where the Australian Chapter 15 Debtors' "center of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, is located, and accordingly, the Australian Proceeding is a "foreign main proceeding" pursuant to section 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1).

c) The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the "foreign representative" of the Chapter 15 Debtors as

---

[2] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

K&E 17811291.1

such term is defined in section 101(24), and the Foreign Representative has satisfied the requirements of section 1515 and Bankruptcy Rule 1007(a)(4).

d) The Foreign Representative is the duly appointed foreign representative of the Chapter 15 Debtors within the meaning of section 101(24) of the Bankruptcy Code.

e) The Foreign Representative is entitled to all the relief provided pursuant to sections 1520 and 1521(a)(4) and (5) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 and to protect the assets of the Chapter 15 Debtors and the interests of the Chapter 15 Debtors' creditors.

f) The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the U.S., warranted pursuant to section 1521 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of granting that relief.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Petition is granted.

2. The Australian Proceeding is recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all the effects of recognition as set forth herein shall apply.

3. Upon entry of this Order, pursuant to section 1520 of the Bankruptcy Code, the Australian Proceeding shall be given its full force and effect and, among other things:

A. no party affected by the Australian Proceeding shall have the right to make, commence, or enforce any rights, claims, or remedies in respect of or arising from any obligations compromised pursuant to the DOCA, other than as set forth in the DOCA, and all parties affected by the Australian Proceeding shall be conclusively deemed to have transferred and exchanged any and all rights for the consideration therein provided.

B. no person shall have the right to make, commence, or enforce any rights, claims, or remedies in respect of any matters affected by or relating to the Chapter 15 Debtors having commenced the Australian Proceeding or the Chapter 15 Cases, or any of the steps, transactions, or proceedings contemplated thereby or relating thereto.

C. the provisions of the DOCA, as effectuated, including the resulting Creditors' Trust Deed, shall be binding and given full force and effect in the manner and at the times specified therein.

D. the Chapter 15 Debtors are authorized to take actions in the U.S. necessary or appropriate to implement and enforce the DOCA in accordance with and subject to the terms of the DOCA.

4. The Foreign Representative and the Chapter 15 Debtors shall be entitled to the full protections and rights enumerated under sections 1521(a)(4) and (5) of the Bankruptcy Code, and accordingly, the Foreign Representative:

A. is entrusted with the administration or realization of all or part of the Chapter 15 Debtors' assets, if any, located in the United States; and

B. has the right and power to examine witnesses, take evidence or deliver information concerning the Chapter 15 Debtors' assets, affairs, rights, obligations, or liabilities.

5. The Foreign Representative is hereby established as the representative of the Chapter 15 Debtors.

6. The banks and financial institutions with which the Chapter 15 Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and

K&E 17811291.1

directed to continue to service and administer the Chapter 15 Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Chapter 15 Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Chapter 15 Debtors, as the case may be.

7. The effectuated DOCA, and all transactions or actions in connection therewith, including the Creditors' Trust Deed, shall be given full faith and credit in the United States pursuant to section 1521(a) of the Bankruptcy Code, and shall be immediately valid and fully enforceable as to the Chapter 15 Debtors and their property and assets in the United States.

8. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. Notice of this Order and the Petition shall be given in accordance with the procedures further prescribed by the Court and served on: (a) the Office of the United States Trustee; and (b) all parties to litigation currently pending in the United States in which the Debtor is a party.

10. Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, the Chapter 15 Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay of the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in its discretion without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

12. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**DONE** and **ORDERED** at Tampa, Florida, on October 08, 2010.

CARYL E. DELANO
United States Bankruptcy Judge

6

K&E 17811291.1

Copies furnished to:

c/o Stephen James Parbery  
Riviera Marine (Int.) Pty Limited  
50 Waterway Drive  
Coomera, Queensland 4209  
Australia  
***Foreign Representative***

David R. Seligman, P.C.  
Scott B. Kitei  
Kirkland & Ellis LLP  
300 North LaSalle Street  
Chicago, Illinois 60657  
***Counsel to the Foreign Representative***

c/o Mike Crane  
Law Office of McManus & Crane, L.L.P.  
209 W. Juan Linn  
P O Box 2206  
Victoria, TX 77902-2206  
***Counsel to Glenn Ralston***

c/o Jim Whitworth  
Law Offices of Jim O. Whitworth  
8840 Warner Avenue, Suite 301  
Fountain Valley, CA 92708  
Phone: (714) 841 0585  
Fax: (714) 908 1754  
***Counsel to Dorian Khouri***

Office of the United States Trustee  
501 East Polk Street, Suite 1200  
Tampa, FL 33602  
***U.S. Trustee***

F. Steven Herb  
Daniel C. Guarnieri  
Nelson-Hesse LLP  
2070 Ringling Blvd.  
Sarasota, Florida 34237  
***Co-Counsel to the Foreign Representative***

c/o Christopher D. Smith  
Smith and Dine, P.A.  
5391 Lakewood Ranch Blvd., Suite 203  
Sarasota, FL 34240-8617  
***Counsel to Glenn Raslton***

7

K&E 17811291.1